Peck, J.
delivered the opinion of the court.
The plaintiff, in order to make out his chain of title, introduced in evidence a deed of conveyance from Philip Shaclder to John Young. The probate which is relied upon as sufficient evidence to authorize the registration, is in these words:
‘‘-At a court held for Wilson county, the 22d day of *262 December, 1800, this indenture was proved by the oath of Jacob Young, a witness thereto, and ordered to be registered. Test, Jno. C. Henderson, Clk.”
The certificate of registration appears in these words:
“State of Tennessee, Wilson county: Register’s Office, March, 1801. — The within deed is duly registered in book A, page 91. John Allcorn, R. W. C.”
The deed was objected to, and being admitted by the court, and it being shewn by the bill of exceptions, that possession has not accompanied the deed, we are left to consider of the naked point, whether, under this probate, the deed was properly admitted.
This court takes occasion now to say, that on the subject of probates hitherto held insufficient to admit deeds to registration, they will go no further in rejecting them than has been ruled in times past; not that we doubt the authority of the cases upon this question, they are held to be the law, but may be taken as having reached the utmost limit.
This probate will apply to one deed as well as to another to which Young had subscribed himself as a witness. The grantor or grantee, or quantity of land conveyed, is not shewn. We are to suppose that the same entry that is made upon the deed, appears in the minutes. By the act of assembly, any person is authorized to take a copy from the minutes, and have it registered; and by having such copy registered, the deed becomes evidence. The necessity of this law arose from the fact, that many probates had been omitted to be registered with the deed. The question then might be asked, how many deeds would this probate apply to in the county of Wilson?— The answer is, all such as Young had been a witness to. This shews the danger of admitting this evidence as sufficient to authorize registration.
Again, even the probate does not appear to have been registered. If the deed was copied from the books of the register (and we have such a copy;) then it follows that, *263 if in the same book such a probate was found, a mere copy oi that accompanying the deed, would make it evidence, and come exactly within the evil we have spoken of. True, it may be inferred that this probate purports by its face to be upon the deed, hut the question still recurs, what deed? If it can apply as'well to one as to another, then it is an uncertain probate, and not sufficient to admit the deed as evidence. 2 Yerg. Rep. 108, 238, 400, 520; 6 Peters’ Rep. 283.
A comparison of this probate with those hitherto rejected, will shew, that it comes within the rules laid down, being too general to make the evidence required by the acts.
Judgment reversed.